The opinion of the court was delivered by
Valentine, J.:
This was an action brought by John Vancil against W. J. Hagler on a promissory note. The defense was that the defendant was merely a surety on the note, *409 and that the plaintiff, by failing to sue on the note, after a demand had been made therefor by the defendant, in accordance with the statutes of Illinois, where all the parties at the time resided, released the defendant from all liability on the note. The action was commenced before a justice of the peace of Saline county, on August 9,1880, where a trial was had, and judgment rendered in favor of the plaintiff and against the defendant for $258.78 and costs. The defendant then appealed to the district court, where a trial was again had before the court and a jury, and the verdict and judgment in that court were in favor of the defendant and against the plaintiff; and the plaintiff, as plaintiff in error, now brings the case to this court for review'.
The facts of the case, as they appear from the record brought to this court, are substantially as follows: The note sued on was executed on January 3, 1876, in the state of Illinois, where all the parties resided, by David Holder, as principal, and D. W. Holder, L. F. Grammar and W. J. Hagler, as sureties, to John Vancil, the plaintiff. The note was for $200, due in one year after date, and drawing interest at the rate of ten per cent, per annum. At the time that this note was executed, and since, up to the time of the trial, the following, statute was in force in the state of Illinois, to wit:
“ When any person, bound as surety for another for the payment of money, or the performance of any other contract in writing, apprehends that his principal is likely to become insolvent, or to remove from the state without discharging the contract, if a right of action has accrued on the contract, he may, by writing, require the creditor forthwith to sue upon the same, and unless such creditor shall within a reasonable time, and with due diligence, commence suit thereon and prosecute the same to final judgment and execution, the surety shall be discharged, but no such discharge shall in any case affect the rights of the creditor against the principal debtor.” (Hurd’s Rev. Stat. Ill., ch. 132, §1.)
The defendant, Hagler, left Illinois about September 26, 1877, and removed to the state of Kansas, where he still resides. About two or three weeks prior to his removal from *410 Illinois, he sent a notice by mail and by postal card to the plaintiff, who resided about twelve miles from where the defendant then resided. The notice was, in substance, that the defendant intended to remove from Illinois; that the plaintiff must collect the note; and that the defendant would not stand responsible on the note any longer. Neither the postal card, nor any copy thereof, was introduced in evidence; but the defendant, Hagler, testified as to the contents thereof. Before testifying to the contents thereof, it was shown that the defendant had, in ample time, served a written notice upon counsel for the plaintiff, demanding an inspection and copy, or permission to take a copy, of the postal card; and there was^also introduced a portion of the deposition of the plaintiff himself, in which he testified that he had never received any notice, written or otherwise, from the defendant, or from any person acting as his agent, directly or indirectly asking or demanding that he should collect the note, by suit or otherwise. The evidence also shows that at the time when Hagler sent said postal, card to Vancil, Hagler was selling his property, and preparing to leave the state of Illinois, and to remove to the state of Kansas; that Grammar, one of the sureties on the note, “was good for ten such notes;” that Hagler, after removing to the state of Kansas, returned temporarily to Illinois, about a year thereafter; that no such suit was brought on the note, until the present action was brought against Hagler, more than three and one-half years after the note became due, and nearly three years after the defendant sent said postal card to the plaintiff; and that when the suit was brought against Hagler, all the other parties to the note, except Hagler, had become insolvent. But there was no evidence introduced showing that Vancil knew, at the time, that Hagler was selling his property, and preparing to leave the state of Illinois, or that Vancil knew, at the time, that Hagler temporarily returned to Illinois, in about a year after his removal. The parties, as before stated, lived in Illinois, about twelve miles apart. The defendant, Hagler, also testified that he could not remember the exact language of the *411 postal card; but he was familiar with the statute of Illinois above quoted, and that he intended to use its language. He also testified: “I knew what the law required; was familiar with it at that time; it was often used, and I wrote that card so as to comply with it.” The court below instructed the jury in substance, that unless they found that the plaintiff, Vancil, actually received the defendant’s postal card, and unless such postal card contained, in substance, a demand that the plaintiff should forthwith sue upon the note, that the jury must find in favor of the plaintiff and against the defendant; and that the burden of proving these things rested upon the defendant. Upon the pleadings, the evidence, and the instructions of the court, the jury found in favor of the defendant and against the plaintiff, and judgment was rendered accordingly.
The plaintiff now claims that the court below committed error in the following respects, to wit:
1. In permitting the defendant to prove the contents of said postal card, by his own testimony, without sufficient preliminary evidence having first been introduced showing that the postal card was lost or destroyed, or placed beyond the control of the defendant.
2. In allowing evidence of the contents of the postal card to be introduced; in refusing to sustain the plaintiff’s demurrer to the defendant’s evidence; in allowing the jury to find in favor of the defendant upon such evidence; and in refusing to grant the plaintiff a new trial because of the insufficiency of such evidence — all upon the general grounds: First, That there was no evidence introduced showing that Yancil ever received the postal card, while the plaintiff’s testimony showed that in fact he never did receive it; second, that the contents of said postal card, according to the defendant’s own testimony, were not sufficient in law, as a notice, or demand, or requirement, under the statutes of Illinois, to discharge the defendant from liability on the note by virtue of such statutes.
3. In admitting evidence with regard to the financial condition of the defendant’s co-security, L. F. Grammar.
*412 We shall consider these claims of error in their order:
I. We think the evidence was ample to show that the postal card had previously been placed beyond the control of the defendant; and also, that it had been lost or destroyed. The defendant showed by his own evidence that he had placed it in the United States post office, properly directed to the plaintiff. This evidence showed clearly that the postal card had gone beyond the control of the defendant, and showed prima faeie that it had gone into the hands of the plaintiff; and according to the evidence, neither party knew anything with respect to it afterward. It was evidently lost or destroyed.
II. Upon this second claim of error we have great doubts. We think it would have been very proper for the court below to have granted the plaintiff a new trial; and we can hardly say that we should not now reverse the judgment of the court below, and order that a new trial be granted. The preponderance of the evidence, as we think, upon both the questions whether the plaintiff ever actually received the defendant’s postal card, and whether the postal card contained in substance a demand that the plaintiff should forthwith sue upon-the note in controversy, was in favor of the plaintiff and against the defendant. The jury, however, found otherwise; and their verdict was sustained by the trial court. We think the trial court instructed the jury correctly. We think it devolved upon the defendant to show by a preponderance of the evidence that the plaintiff did actually receive the postal card, and that the postal card actually contained in substance a demand that the plaintiff should forthwith sue upon the note; and the trial court gave instructions to the jury precisely to this effect. There is some evidence, however, in favor of the defendant and against the plaintiff upon both of these points. The fact that the defendant deposited in the United States post office the postal card, properly directed to the plaintiff, is some evidence that the plaintiff received it; and the fact that the defendant was familiar with the statutes of Illinois at the time he wrote the demand on the postal card, and that he attempted to use the language of the *413 statute, and endeavored to comply with its terms, and believed that he had done so; and the further fact that he unquestionably demanded that the plaintiff should collect the note; and the fact that the defendant stated that he was then about to remove from Illinois to Kansas; — is some evidence that the postal card contained a demand, in substance, that the plaintiff should forthwith sue on the note. The evidence introduced by the defendant tending to prove these two facts is sufficient, prima facie, to prove them; and although we think that the evidence upon the other side is more satisfactory and more convincing, yet, as against the verdict of the jury and the decision of the court below, we do not feel that we would be entirely justified in reversing the judgment of the court below, and in granting a new trial. Upon these points, therefore, with great doubts we shall sustain the decision of the court below.
III. We think there was no error committed by the court below in permitting the evidence to be introduced showing the financial condition of the defendant’s co-surety, L. F. Grammar; for if Grammar was perfectly solvent at the time that the defendant gave the notice to the plaintiff, probably such solvency, in the opinion of the plaintiff, furnished a sufficient reason for his delay in suing upon the note; for the plaintiff might well have said in such a case that it was entirely immaterial to him whether the defendant was released or not, by his (the plaintiff’s) failure to sue immediately on the note; for under any circumstances, Grammar was good, and he could collect the amount of the note from him. But Grammar is now insolvent, and if the plaintiff should be allowed to recover in this case, the defendant must lose the whole amount; while if the action had been brought while Grammar was solvent, the defendant would be compelled to lose only one-half of the amount of the note.
The judgment of the court below will be affirmed.
All the Justices concurring.