THE NORTHWEST THRASHER COMPANY V. H. C.
LESUEUR.
No. 14,859    (88 Pac. 541.)
SYLLABUS BY THE COURT.

SALES—*Order Subject to Approval of Seller—Withdrawal be-*
*fore Acceptance.* A written order for merchandise, signed
by the proposed buyer and sent for approval to the manu-
facturer, but withdrawn and countermanded before accept-
ance, cannot be made the basis of an action for damages for
breach of its terms.

Error from Johnson district court; WINFIELD H.
SHELDON, judge. Opinion filed January 5, 1907. Af-
firmed.

*Harkless, Crysler & Histed,* and *William S. Hogsett,*
for plaintiff in error.

*Ogg & Scott,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was for
the recovery of damages for the alleged breach of a
contract for the sale of a thrashing-machine. De-
fendant had judgment for costs, and plaintiff brings
error.

The Northwest Thrasher Company has its main
office at Stillwater, Minn., and maintains a branch
office at Kansas City. On May 18, 1904, its solicitor
called upon defendant at Cedar Junction, in Johnson
county, and after some negotiations an order was given
in writing by which defendant proposed to purchase
from plaintiff certain machinery, part of the price to
be paid in notes and a considerable amount of it in the
exchange of old machinery. The order was signed by
defendant and mailed on the same day to plaintiff at
its main office. On June 3 a letter of acceptance was
mailed at Stillwater, directed to defendant at his post-
office, and the machinery was shipped June 12. De-

fendant refused to receive or pay for the machinery, and this action was brought to recover $434.30 upon a clause in the written order which provided that in consideration of the expense incurred by the company in "soliciting, investigating and taking" the order the purchaser agreed to pay all freight charges and ten per cent. of the contract price of the machinery, if he declined to receive it.

The defense relied upon was that defendant had countermanded the order before it was accepted. Upon the trial the court permitted defendant to testify that before the order was signed the agent said to him: "I will let you know in ten days whether the company accepts . . . or not." He also testified that at the end of ten days, not having heard anything from the company or the agent, he went to the branch office of plaintiff at Kansas City and notified the person in charge of the business there that the order was countermanded and not to fill it. The order contained a provision as follows:

"This order is subject to the acceptance and approval of the Northwest Thrasher Company at its home office at Stillwater, Minn., and the purchaser hereby waives notice of the acceptance or rejection thereof by the company." .  ·

There was also a provision that its terms and conditions should not be varied without a special written agreement, signed by the company.

The principal errors complained of are with reference to instructions and the admission of evidence which it is said varied the terms of the written contract. Every contention of the plaintiff is based upon the assumption that this writing was a contract, binding upon defendant from the moment it was delivered to the agent, provided only that it was afterward accepted by plaintiff. The clause just quoted provided for a waiver of *notice* of acceptance, but in the meantime, before the offer was accepted and before it rose to the dignity of a contract, it was countermanded, so

.that none of the provisions bound either party. At least, there was evidence tending to show a counter-mand, and the general verdict established it as a fact.

It follows that if there was no contract there was no error in admitting evidence that the agent agreed to let defendant know what the company did, for he had the right to countermand at any time before acceptance, for any reason or no reason. Moreover, there being no contract, there was no basis for plaintiff's claim.

The judgment is affirmed.