No. 21,798.

THE OUTCAULT ADVERTISING COMPANY, *Appellant,* v. THE WA-KEENEY HARDWARE COMPANY (D. B. KRAUS, *Appellee.*)

SYLLABUS BY THE COURT.

1. WRITTEN ORDER FOR GOODS—*Order Withdrawn before Acceptance—No Completed Contract.* A written order for goods, signed by the purchaser and by the agent of the seller, but which does not bind the seller to furnish the goods until the order has been accepted by him, does not constitute a contract for the purchase of the goods if the order is withdrawn before it is accepted.

2. SAME—*Rescission of Contracts.* The rules of law governing the rescission of contracts do not apply where an order for the purchase of goods is withdrawn before it is accepted.

3. SAME—*Immaterial Instruction—Not Ground for Reversal.* An inapplicable instruction will not necessarily cause the reversal of a judgment, if the verdict shows that the facts found by the jury render the instruction wholly immaterial.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 11, 1919. Affirmed.

*S. M. Hutzel*, of Wakeeney for the appellant.

*Herman Long*, of Wakeeney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment in favor of the defendant in an action brought to recover the price agreed to be paid by the defendant for the exclusive right to use, in Wakeeney, an advertising scheme furnished by the plaintiff and described by it as the "Jocko 'Ad'" service. The answer denied the allegations of the petition and alleged that the offer to purchase the scheme had been withdrawn before it was accepted by the plaintiff. D. B. Kraus is the defendant. He did business under the trade name of "The Wa-Keeney Hardware Co."

1. The principal proposition argued revolves around the question: Was there a contract? The material parts of what the plaintiff contends was the contract, which was in writing, were as follows:

"To Outcault Advertising Co.
508 S. Dearborn St., Chicago, Ill.                    Order No. 70.
                                                      Date 4/21 1916

"Ship us, at our expense, as per samples shown, your Jocko "Ad" Service to cover a period of one year beginning May 8th, 1916. This service to consist of: . . . We (or I) agree to pay you net cash monthly, at the rate of $2.10 per week, for one year, we (or I) to have exclusive right to use the above Jocko "Ad" service in our city only, and to hold type and cuts subject to your order when this contract expires. . . . This contract cannot be cancelled. Ship all at one time if possible."

The writing was signed by the defendant as "Wakeeney Hdw. Co." and by "E. H. Block, Salesman."

The plaintiff argues that it constituted a complete contract when it was signed by the defendant, and that no further acceptance on the part of the plaintiff was required. The writing did not contain any promise of any kind on the part of the plaintiff, who did not treat the contract as complete until after it had been received by the plaintiff at its Chicago office, and until a letter, dated April 25, 1916, had been written to the defendant, in which the plaintiff said:

"We acknowledge with thanks receipt of your contract for our Jocko advertising service, covering a period of one year, at the rate of $2.10 per week, amounting to $109.20 which we have accepted and of which prompt shipment will be made."

The writing dated April 21, 1916, and the letter dated April 25, 1916, constituted the contract, if there was one. The evidence of the defendant tended to show that on April 21, 1916, the day the order was signed by him, he wrote the plaintiff as follows:

"You are herewith notified not to ship the order that we gave to your salesman for your advertising scheme, if you do you will do so at your own risk."

The defendant's evidence also tended to show that the letter was deposited in the United States mail on the same day. It is contended that there was no evidence to show that the letter was received by the plaintiff. The letter should have reached Chicago on April 23, two days before the plaintiff accepted the defendant's offer. The presumption of law is that the plaintiff received the letter in due course of mail. (*Vancil v. Hagler*, 27 Kan. 407; Note, 49 L. R. A., n. s., 458; 16 Cyc. 1065.)

There was sufficient evidence to warrant the jury in concluding that the defendant withdrew his offer before the plaintiff accepted it. If that was done, there was no contract. (*Thrasher Co. v. Lesueur*, 75 Kan. 150, 88 Pac. 541.)

2. Another proposition argued by the plaintiff is that the defendant could not rescind the contract without returning, or offering to return, what he had received. The difficulty with this argument is that, if the defendant's letter was received by the plaintiff before it accepted the defendant's offer, there was no contract. The defendant had a perfect right to withdraw his offer before it was accepted by the plaintiff, and the plaintiff would then have no right of recovery against the defendant. The letter was not a rescission of a contract that had been entered into. It was the withdrawal of an offer that had not been accepted.

3. The plaintiff complains of the third instruction given by the court. That instruction was as follows:

"If you find that the defendant wrote to cancel this order, and that such cancellation reached the plaintiff after it had accepted defendant's original order, then you should find for the plaintiff for the difference

between $109.20 set in the order, and the reasonable value of the service which the plaintiff agreed to perform so far as the same had been performed when it received the letter of cancellation if it did receive such letter, or nominal damages, if there be no proof of reasonable value."

The instruction was inapplicable to the pleadings and evidence. The plaintiff, if it had fully performed its part of the contract, had the right to stand thereon and to seek to recover thereunder. The defendant could not then compel the plaintiff to resort to an action for damages for violation of the contract. If the jury found the facts as set out in that instruction, a verdict should have been returned for the plaintiff. The verdict was for the defendant. That verdict was warranted under either one of two situations: one, that there was no contract, because the offer to purchase had been withdrawn before it was accepted; the other, that the plaintiff did not comply with its contract. The latter finding would have been within the issues under the general denial of the allegations of the petition. Both questions were submitted by the instructions. From the verdict, the court concludes that the jury must have followed one or the other of these theories. In either situation the instruction complained of became immaterial and was not prejudicial.

The judgment is affirmed.